**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| DARREN L. BRYANT,<br><br>*Plaintiff*,<br><br>v.<br><br>FRANK J. BISIGNANO,<br>Commissioner of the Social Security Administration,<br><br>*Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 4:25-cv-01483-JMD |

**MEMORANDUM AND ORDER**

Plaintiff Darren L. Bryant requests judicial review of the Commissioner of Social Security's final decision denying his application for disability-related benefits and supplemental security income under Titles II and XVI of the Social Security Act. 42 U.S.C. §§ 405(g), 1383(c)(3). But Bryant fails to specify which aspect of the Commissioner's decision he believes is wrong, and the additional evidence he offers is not relevant to the period at issue. Under Eighth Circuit precedent, federal court review of the Commissioner's decision is very limited and highly deferential. The Court has no legal basis to upend the Commissioner's decision and thus **AFFIRMS** that decision.

## Background

### I. Procedural History

Bryant filed an application for disability-related insurance benefits and supplemental security income in August 2022. ECF 11-1 at 221–27. The Social Security Administration denied his claim, *id.* at 126–34, and did so again upon application for reconsideration, *id.* at 138–44. Following a July 2024 hearing, *id.* at 41–83, Administrative Law Judge Lisa Leslie again denied his claim, determining that Bryant was not eligible to receive these benefits, *id.*

at 28. The agency's appeals council then affirmed the administrative law judge's determination in July 2025. *Id.* at 5–8. The administrative law judge's decision is the Commissioner's final decision for purposes of judicial review.[1] *See* 20 C.F.R. §§ 404.900(a)(5), 416.1400(a)(5).

**II. Regulatory Background**

To receive benefits under the Social Security Act, a claimant must prove a disability. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Sec'y of Health & Hum. Servs.*, 955 F.2d 552, 555 (8th Cir. 1992). That is a high standard. A person is disabled if he is unable to "engage in *any* substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) (emphasis added), 1382c(a)(3)(A) (similar). The impairment(s) must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in *any* other kind of substantial gainful work which exists in the national economy." *Id.* §§ 423(d)(2)(A) (emphasis added), 1382c(a)(3)(B) (same).

To determine whether a claimant is disabled, the Commissioner employs a "five-step sequential evaluation process." 20 C.F.R. §§ 404.1520(a)(1), 416.920(a)(1). If the claimant is deemed not disabled in either of the first two steps, the evaluation ends in a failed claim. For the third step, if the claimant does not have an impairment (or combination of impairments) that matches one (or any combination) listed under the regulations, the analysis continues

[1] Because the administrative law judge's decision stands as the Commissioner's final decision, the Court will primarily refer to the Commissioner's—not the administrative law judge's—actions.

to the last two steps. In turn, if the claimant is determined to be able to work under the fourth or fifth step, the request for benefits similarly fails.

Steps one through three examine the claimant's current work activity and impairments. First, the Commissioner considers whether the claimant is "working." *Id.* §§ 404.1520(b), 416.920(b); *see id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the claimant is not disabled. *Id.* § 404.1520(b), (a)(4)(i); *id.* § 416.920(b), (a)(4)(i). Second, the Commissioner determines whether the claimant has a severe "impairment" that "significantly limits [his] physical or mental ability to do basic work activities." *Id.* §§ 404.1520(c), 416.920(c); *see id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If no impairment exists, the claimant is not disabled. Third, if the claimant has an impairment, the Commissioner considers its medical severity. If the impairment "meets or equals" one of the presumptively disabling impairments listing in the regulations, the claimant is considered disabled. *Id.* §§ 404.1520(d), (a)(4)(iii); *id.* § 416.920(d), (a)(4)(iii). If not, the analysis proceeds to the next step.

As part of his analysis, the Commissioner must assess the claimant's "residual functional capacity." *Id.* § 404.1520(e), (a)(4)(iv); *id.* § 416.920(e), (a)(4)(iv). Residual functional capacity represents "the most a claimant can still do despite his or her physical or mental limitations." *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011) (citation omitted). It is an "administrative assessment" based on "all relevant evidence," including "medical records, observations of treating physicians and others, and an individual's own description of his limitations."[2] *Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016) (internal citations

[2] The claimant is responsible for providing evidence related to his residual functional capacity, and the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [his] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).

omitted). "Accordingly, it is the responsibility of the [Commissioner], not a physician, to determine a claimant's [residual functional capacity]."[3] *Id.*

Steps four and five examine the claimant's ability to work. For step four, the Commissioner assesses the claimant's "residual functional capacity and [his] past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant has the residual functional capacity to "still do [his] past relevant work," he is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). In the final step, the Commissioner considers the claimant's residual functional capacity as well as the person's "age, education, and work experience" to see if the claimant "can make an adjustment to other work."[4] *Id.* § 404.1520(g), (a)(4)(v); *id.* § 416.920(g), (a)(4)(v). If the claimant can make an adjustment to "other work" that "exists[s] in significant numbers in the national economy," the Commissioner finds the claimant not disabled. *Id.* §§ 404.1560(c)(1), 416.960(c)(1); *see id.* §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If not, the claimant is deemed disabled. *Id.* §§ 404.1520(g), (a)(4)(v); *id.* §§ 416.920(g), (a)(4)(v).

### III. The Commissioner's Final Decision

Because the Commissioner did not supplant the administrative law judge's determination, that determination operates as the Commissioner's final decision. ECF 11-1 at 5–8; *see* 20 C.F.R. §§ 404.900(a)(5); 416.1400(a)(5). Applying the five-step sequential evaluation process, the Commissioner deemed Bryant "not disabled" and concluded that he did not qualify for the requested disability-related benefits and supplemental security income. ECF 11-1 at 28. The Commissioner found at step one that Bryant had "engaged in

[3] For this reason, "there is no requirement that [a residual functional capacity] finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016).

[4] Though the burden of production shifts to the Commissioner at this step, the burden of persuasion to prove disability remains on the claimant. *Hensley*, 829 F.3d at 932 (8th Cir. 2016).

substantial gainful activity" from "October 1, 2022 through September 30, 2023." *Id.* at 19. However, the Commissioner found a continuous twelve-month period during which Bryant "did not engage in substantial gainful activity" starting in "the fourth quarter of 2023." *Id.* at 20. So the Commissioner limited the remainder of his decision to the period from October 1, 2023, through the date of the decision, September 11, 2024. *Id.*

At step two, the Commissioner determined Bryant had "the following severe impairments: bilateral carpal tunnel syndrome (status post carpal tunnel repair), left ulnar nerve fibrosis, right medial epicondylitis, type 2 diabetes mellitus, hypertension, and diverticulitis." *Id.* He then held for step three that Bryant did "not have an impairment or combination of impairments" listed in or medically equal to one contained in the regulations. *Id.* at 22.

Following step three, the Commissioner found that Bryant has the residual functional capacity to "perform medium work" subject to certain limitations. *Id.* at 23. Critically, the Commissioner concluded that Bryant "can occasionally climb ladders, ropes, or scaffolds" and "can engage in frequent fine and gross manipulation and frequent feeling, bilaterally." *Id.* He recognized Bryant "cannot work at unprotected heights or around hazardous machinery" and "cannot perform work involving vibration." *Id.* He also found that Bryant's "statements concerning the intensity, persistence and limited effects of [his] symptoms [we]re not entirely consistent with the medical evidence and other evidence in the record." *Id.* at 24.

In the last two steps, the Commissioner decided that Bryant is "capable of performing past relevant work as a packing machine operator and as a quality control technician" and that "there are other jobs that exist in significant numbers in the national economy that [Bryant] also can perform, considering [Bryant's] age, education, work experience, and residual functional capacity." *Id.* at 26, 27. The Commissioner relied on a vocational expert

who testified that Bryant "would be able to perform the requirements of [at least three] representative occupations. *Id.* at 27. Because he determined that Bryant is "capable of making a successful adjustment to other work that exists in significant numbers in the national economy," the Commissioner deemed Bryant "not disabled" under the Social Security Act. *Id.* In other words, Bryant had not proven that he is "unable to engage in *any* substantial gainful activity by reason of any medically determinable physical or mental impairment." 42 U.S.C. § 1382c(a)(3)(A) (emphasis added).

**Standard of Review**

Article III courts have very narrow authority to review the decision of the Commissioner to grant or deny public benefits. "Congress may allow the Executive Branch to resolve certain matters free from judicial involvement"—perhaps at all. *SEC v. Jarkesy*, 603 U.S. 109, 152 (2024) (Gorsuch, J., concurring). These "matters" include the "grant [or denial] of public benefits." *Id.* at 152–53. In this area, Congress has chosen to give federal courts some (limited) authority to review the decision of the agency, but courts must remain cognizant that this role is highly confined.

Congress has given federal courts authority to review only select matters in this area. First, courts can review whether the Commissioner's fact findings are "supported by substantial evidence." 42 U.S.C. § 405(g). If the findings are supported, then the Commissioner's findings "shall be conclusive." *Id.* Second, if the Commissioner rules against a petitioner because that petitioner fails to comply with an agency regulation, "the court shall review only the question of conformity with such regulations and the validity of such regulations." *Id.* Third, courts may in certain circumstances "order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is

new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *Id.*

**Analysis**

Bryant's brief is just over one page. "Based on the totality of the evidence," including the "medical and functional evidence in [his] record" and the six pages of new evidence he attaches to his brief, Bryant requests a "fully favorable decision." ECF 17 at 2, 1. He says his "severe spinal and vertebral impairments" have "existed continuously" and "progressively worsened" since he filed his claim.[5] *Id.* at 1. He says he "experience[s] chronic, significant pain on a daily basis, which interferes with even basic activities of daily living," as well as his ability to work. *Id.* In particular, he says he "require[s] the use of a walker" to move, is "unable to stand, walk or sit for extended periods," "experience[s] persistent pain that affects concentration and endurance," and has only a "50% chance of improvement" even with surgical intervention. *Id.* According to Bryant, his impairments "have lasted, or are expected to last, well more than twelve months, and prevent [him] from performing past relevant work or any other work existing in significant numbers in the national economy." *Id.*

Bryant's new evidence comprises: (1) an affidavit signed by his physician on April 24, 2026, saying that he has "severe back pain on account of arthritis causing nerve compression," *id.* at 3; (2) a radiology report for an exam conducted on February 10, 2026, concerning Bryant's spine, *id.* at 4–5; and (3) a radiology report for an exam conducted on April 22, 2026, concerning Bryant's spine, *id.* at 6–8. Bryant says these "recent medical records" illustrate his severe, and worsening, condition. *Id.* at 1.

[5] Bryant says that he filed his claim in February 2021. ECF 17 at 1. But the record suggests it was August 2022. ECF 11-1 at 221–27.

Bryant's brief assertion that he should receive benefits is insufficient to disturb the Commissioner's decision. Bryant is proceeding pro se, and pro se filings are "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted). Even so, the Court is "not permitted to act as counsel and cannot supply facts or construct legal arguments that [Bryant] has failed to assert." *United States v. Harrison*, No. 4:20-cr-00143-JAR-1, 2025 WL 973947, at *2 (E.D. Mo. Apr. 1, 2025). Bryant's two-page brief does not challenge any particular aspect of the Commissioner's decision based on any particular evidence in his original application or any particular alleged error. On this briefing record, the Court would be forced to guess what errors Bryant thinks the Commissioner committed. Upon a review of the record, the Court does not identify any error that is plain.

The additional evidence Bryant attaches to his brief does not change things either. As noted above, 42 U.S.C. § 405(g) permits the Court to order additional evidence to be taken before the Commissioner, but the evidence must be "material," and there must be "good cause for the failure" of the plaintiff to introduce it earlier. "Material" evidence is "non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied, and there must be a reasonable likelihood that it would have changed the [Commissioner's] determination." *Woolf v. Shalala*, 3 F.3d 1210, 1215 (8th Cir. 1993). Bryant's new evidence is not relevant or probative because it is all dated in 2026—after the period relevant to the Commissioner's decision. *See Jones v. Callahan*, 122 F.3d 1148, 1154 (8th Cir. 1997) ("An implicit requirement [of 42 U.S.C. § 405(g)] is that the new evidence pertain to the time period for which benefits are sought, and that it not concern later-acquired disabilities or subsequent deterioration of a previously non-disabling condition."); ECF 11-1 at 20 ("[T]his decision applies to the period beginning on October 1, 2023 through the date of this decision," September 11, 2024). Bryant has not made the case for why his new evidence retrospectively indicates that his condition *through September 11, 2024*, was worse than the

Commissioner concluded. Bryant's evidence does not facially contradict the Commissioner's findings either. So even if the new evidence "may be grounds for a new application for benefits," the Court will not order it in front of the Commissioner with respect to the application under review. *Jones*, 122 F.3d at 1154.

## Conclusion

Bryant has failed to demonstrate that the Commissioner's decision was not supported by substantial evidence. He also has failed to show that the new evidence he submits is material, such that the Court should order it before the Commissioner for consideration. The Court therefore affirms the Commissioner's final decision.

**IT IS HEREBY ORDERED** that the final decision of the Commissioner of Social Security is **AFFIRMED**.

Dated this 29th day of October, 2026

JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE
FOR THE EASTERN AND WESTERN
DISTRICTS OF MISSOURI